CARMONA ET AL. *v.* CUESTA.

APELACIÓN procedente de la Corte de Distrito de San Juan,

No. 597.—Resuelto en marzo 29, 1912.

TERCEROS—CONOCIMIENTO DE LOS GRAVÁMENES QUE PESAN SOBRE UNA FINCA.— Según la Ley Hipotecaria es tercero aquel que no ha intervenido en el contrato inscrito. No puede considerarse tercero aquel que si bien no ha intervenido en el contrato inscrito, tenía conocimiento al adquirir el inmueble, de las cargas o gravámenes que sobre el mismo pesaban.

ID.—NULIDAD DE EXPEDIENTE DE DOMINIO.—No puede oponerse a la nulidad de un expediente de dominio invocando carácter de tercero aquel que ha intervenido en la instrucción de dicho expediente.

PRESCRIPCIÓN—DOMINIO—BUENA FE Y JUSTO TÍTULO.—No puede invocar la prescripción ordinaria adquisitiva del dominio, con buena fe y justo título, por el término de 10 años, el que adquiere una finca mediante contrato de compraventa celebrado con el albacea del dueño de ella ya fallecido, habiendo intervenido en el contrato menores de edad sin las formalidades legales necesarias.

TERCEROS—EXPEDIENTE DE DOMINIO—CANCELACIÓN DE INSCRIPCIÓN.—La nulidad de un expediente de dominio no puede afectar a terceros que han adquirido de quienes en el registro aparecen con derecho para otorgar los contratos a que se refieren las escrituras cuya nulidad y consiguiente cancelación son objeto del litigio.

ID.—EXPEDIENTE DE DOMINIO.—La nulidad de un expediente de dominio por causas que no aparecen del registro ni del expediente, no puede afectar al que adquiere en virtud de dicho expediente aprobado con anterioridad, habiendo inscrito la adquisición cuando ya había sido inscrito el expediente de dominio, aun cuando no estuviera inscrito dicho expediente cuando se otorgó la escritura de adquisición.

ID.—TÍTULO INSCRITO—TÍTULO POSTERIOR INSCRITO.—Para que en virtud de un título inscrito pueda invalidarse en perjuicio de tercero otro título posterior también inscrito, es necesario que la inscripción del primero sea anterior a

la del segundo, pues sería absurdo suponer que un título anterior no inscrito en la fecha en que se hace la inscripción de otro posterior puede anular o perjudicar al segundo, cuando del registro no aparece o no puede comprobarse la existencia del primero.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José L. Pesquera.*

Abogados de los apelados: *Sres. Jorge V. Domínguez, H. H. Scoville y J. H. Brown.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

La demanda que originó el presente pleito y que fué registrada en la Corte de Distrito de San Juan con fecha 16 de diciembre del año 1909, después de consignar los hechos que los demandantes, que lo son, Manuel de Jesús, Juan Antonio y Rafael Carmona Ríos, y Amalia del Pilar Martínez y Domínguez, estimaron conducentes a la defensa de su derecho, concluye con la súplica de que en su día se dicte sentencia, por la que se declare y ordene; (*a*) Que los demandantes son los legítimos dueños de una finca rústica de cuarenta cuerdas, sita en el barrio de "Mucarabones" del término municipal de Toa Alta, según se describe en dicha demanda; (*b*) que el expediente de dominio de una finca de cincuenta cuerdas en el barrio de "Mucarabones" del término municipal de Toa Alta, en cuya finca está comprendida la expresada de cuarenta cuerdas, tramitado a instancia del demandado José Cuesta Viyeyas y aprobado por resolución judicial de 30 de agosto de 1905, es nulo, debiendo cancelarse la inscripción que del mismo se hizo en el Registro de la Propiedad de San Juan; (*c*) que también es nula la escritura de 8 de diciembre de 1905, por la que el demandado José Cuesta Viyeyas vendió dicha finca de cincuenta cuerdas al otro demandado Domingo Soldini, y debe en su consecuencia cancelarse la inscripción de tal venta en el registro de la propiedad; (*d*) que también es nula la escritura de venta e hipoteca sobre la misma finca de cincuenta cuerdas, otorgada en 12 de octubre de 1906 entre los demandados Domingo Soldini y Miss Mary Leitch, y por

tanto, debe cancelarse su inscripción en el registro de la propiedad; (c) que los demandados paguen las costas y desembolsos razonables que el pleito origine, con inclusión de los honorarios del abogado de los demandantes.

Los demandados José Cuesta Viyeyas y Domingo Soldini, al contestar la demanda, solicitaron se les absolviera de ella con costas a los demandantes, e igual pronunciamiento interesó la demandada Miss Mary Leitch, suplicando además, que en el caso de que fuera dictada sentencia a favor de los demandantes, fueran condenados Domingo Soldini y José Cuesta Viyeyas a pagarle el valor de los terrenos y las mejoras hechas, con las costas y honorarios de abogados.

Señalado el día 16 de marzo de 1910 para la celebración del juicio, después de practicadas las pruebas de los demandantes, solicitaron los demandados mediante moción verbal que se dictara sentencia en su favor y en contra de los demandantes, y la corte por sentencia de 21 del mismo mes, declaró sin lugar todos los pronunciamientos solicitados en la demanda, sin especial condenación de costas, contra cuya sentencia interpusieron los demandantes recurso de apelación para ante esta Corte Suprema.

De las alegaciones de las partes y pruebas practicadas en el juicio resulta:

"1º. Que por escritura pública de 27 de agosto de 1870, Juan Bonifacio Carmona adquirió de Nemesio Rodríguez una finca de cuarenta cuerdas de terreno más o menos, sita en el barrio de 'Mucarabones' del término municipal de Toa Alta, bajo los lindes siguientes: 'Principia por un jobo y sigue línea recta colindando con José María Narváez hasta otro jobo que está a orillas de la quebrada salada, por ésta arriba con sus vueltas y revueltas colindando con Manuel Carmona hasta la boca de otra quebrada; de aquí, línea recta colindando con terrenos de Merced Santiago o de la iglesia de Toa Baja hasta un moral; sigue línea recta con Ezequiel Rosado a un aguacate; de esta línea recta a un tocón de capá blanco colindando con José María Estrada; continúa línea recta a un abeyuelo con José Montañez; de aquí con el mismo, línea recta al primer punto donde principia y con-

cluye esta guardarraya.' Esa escritura fué inscrita en el registro de la propiedad con fecha 25 de febrero de 1909.

''2º. Que en testamento nuncupativo otorgado a 12 de octubre de 1887 por Juan Carmona, declaró éste haber casado en primeras nupcias con Florentina Ríos, de cuyo matrimonio tuvieron tres hijos, nombrados Manuel, Juan Antonio y Rafael, y en segundas nupcias con Carlota Domínguez, de la cual si bien se encontraba en cinta, aun no había tenido sucesión; que al contraer segundas nupcias poseía entre otros bienes una estancia de su propiedad en el barrio de 'Mucarabones,' del término municipal de Toa Alta; que instituía por sus herederos a sus tres hijos habidos en su primer matrimonio, y al póstumo que naciera del segundo, y que nombraba en primer término albacea testamentario y ejecutor de su voluntad a Manuel Valdés. En virtud de dicho testamento y de otros documentos presentados al registro, fué inscrita la mitad de la finca de cuarenta cuerdas en el registro a favor de Manuel, Juan Antonio y Rafael Carmona y Ríos y José Dolores Carmona y Domínguez con fecha 16 de noviembre de 1909.

''3º. Que la Corte de Distrito de San Juan declaró herederos abintestato de Florentina Ríos y Nater a sus hijos Manuel de Jesús, Juan Antonio y Rafael Carmona y Ríos, por orden de 26 de noviembre de 1909, y por otra orden de la misma fecha declaró heredera abintestato de José Dolores Carmona y Domínguez, a su madre Carlota Domínguez y Nieves, cuyas dos órdenes fueron inscritas en el registro de la propiedad; habiéndose dictado otra orden, en fecha que no consta, por la cual el mismo tribunal declaró heredera abintestato de Carlota Domínguez y Nieves, a su sobrina Amalia del Pilar Martínez y Domínguez, parte demandante en unión de otros, sin que esa última orden hubiera sido inscrita en el registro, en la fecha de la celebración del juicio.

''4º. Que en escrito, fecha 13 de abril de 1905, José Cuesta Viyeyas promovió información de dominio ante la Corte de Distrito de San Juan para acreditar el que decía tener sobre dos fincas rústicas, una de ellas radicada en el barrio de 'Mucarabones' del término municipal de Toa Alta, con cabida de 50 cuerdas, colindante por el norte con Antonio Soler y Serrano, por el sud con Juan Montañez y Mr. D. Y. Murphy, por el este con Mr. Charles Tilbrick, representado por Mr. Norton, y por el oeste con Francisca Hernández y José Monserrate Maysonet, cuya finca había adquirido Viyeyas, según explicó, en el mes de julio de 1904 por compra a Santiago Olivo con consentimiento de su esposa Felipa Rodríguez, habiéndola adquirido el Olivo de

Prudencio Velilla en 1883 a título de compra, y Velilla por igual título de Manuel Valdés en 1881.   Para la tramitación del expediente fueron citados el fiscal, los colindantes de la finca y el anterior dueño Santiago Olivo, habiéndose publicado edictos y declarado tres testigos, después de lo cual el juez dictó resolución en 30 de agosto de 1905, declarando'justificado el dominio de la finca descrita a favor de José Cuesta Viyeyas, y ordenando se le expidiera el correspondiente certificado para que pudiera inscribir tal dominio en el registro de la propiedad.

:   ''5º. Que por escritura pública otorgada en 8 de diciembre de 1905, José Cuesta Viyeyas vendió a Domingo Soldini, por precio de $625, la misma finca de 50 cuerdas a que se refiere el expediente de dominio de que se deja hecho mérito, de cuya venta se extendió anotación preventiva en el Registro de la'Propiedad de San Juan con fecha 22 de enero de 1906, por haber sido denegada la inscripción en atención·a no estar inscrita la finca a favor del vendedor ni de ninguna otra persona.

''6º. Que en 13 de febrero siguiente, fué inscrito en el Registro de la Propiedad de San Juan el dominio de la finca a favor de José Cuesta Viyeyas, aunque con el defecto subsanable de no consignarse en la resolución judicial declaratoria de dicho dominio, el estado del promovente, ni si había sido citado el dueño anterior; y en la misma fecha quedó convertida en inscripción definitiva de dominio de la finca a favor de Soldini, la anotación preventiva de 22 de enero de 1906.

''7º. Que por escritura de 12 de octubre de 1906, Domingo Soldini vendió a Miss Mary Leitch la finca de que se trata, en unión de otra, por precio de dos mil ciento setenta dollars, de los cuales el vendedor confesó tener recibidos mil, y por el resto de mil ciento setenta, que habían de ser satisfechos en el término de ocho meses desde el otorgamiento de la escritura, constituyó Miss Mary Leitch hipoteca voluntaria sobre la finca en cuestión, habiendo sido inscrita dicha escritura de venta e hipoteca en el registro de la propiedad con fecha 18 de diciembre de 1906, y cancelada la hipoteca en 15 de mayo de 1909.

''8º. Que según prueba testifical aportada al juicio, muerto Juan Bonifacio Carmona, cuyo fallecimiento, según el testigo Rafael Carmona, ocurrió en el año de 1887, y según el testigo Emilio Egozcue, por los años 87 u 88, Manuel Valdés se hizo cargo de una finca que aquél poseía en el barrio de 'Mucarabones' del término municipal de Toa Alta, cuya finca es la misma que Valdés vendió a Prudencio Velilla, y éste a Santiago Olivo, habiendo pasado después sucesivamente por títulos de compraventa a los demandados Cuesta Viyeyas,

Domingo Soldini y Miss Mary Leitch.   Confiesa Velilla que compró la finca a Valdés, como representante ·de Carmona, que ya había fallecido; y medió un documento en que aparecían firmas de menores, habiendo explicado a Santiago Olivo la forma en que había comprado a Valdés.''

Expuestos los hechos resultantes del juicio, traigamos a examen los preceptos legales que les son aplicables para venir a la decisión del presente recurso.

Según el artículo 33 de la Ley Hipotecaria, *la inscripción no convalida los actos o contratos que sean nulos con arreglo a las leyes; y según el artículo siguiente, no obstante el precepto indicado, los actos o contratos que se ejecuten u otorguen por persona que en el registro aparezca con derecho para ello, no se invalidarán en cuanto a tercero una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo registro; estableciéndose además en ese artículo, que solamente en virtud de un título inscrito podrá invalidarse, en perjuicio de tercero, otro título posterior también inscrito, salvo lo dispuesto en el artículo 389, sin que lo dispuesto en dicho artículo 34 sea aplicable en ningún tiempo al título inscrito con arreglo a lo prevenido en el artículo 390, a menos que la prescripción haya convalidado y asegurado el derecho a que se refiere tal título.*

El artículo 389 que se deja citado, *establece la necesidad de la inscripción en el registro de la propiedad de todos aquellos documentos concernientes a derechos reales, sin cuyo requisito no serán admisibles en los tribunales, consejos y oficinas del gobierno, si el objeto de la presentación fuese hacer efectivo en perjuicio de tercero el derecho que debió ser inscrito, a no ser que se trate únicamente de corroborar otro título posterior que hubiese sido inscrito, o de obtener la nulidad y consiguiente cancelación de algún asiento que impida verificar la inscripción del documento presentado.*

El artículo 390  se refiere al título posesorio, *cuya inscrip-*

*ción,* según previene el artículo 392, *se hace sin perjuicio de tercero de mejor derecho.*

El artículo 36 de la misma Ley Hipotecaria ordena que *las acciones rescisorias y resolutorias no se darán contra tercero que haya inscrito los títulos de sus respectivos derechos conforme a lo prevenido en dicha ley,* cuya regla contiene las excepciones que marca el artículo 37, *entre las cuales están comprendidas las acciones rescisorias y resolutorias que deban su origen a causas que consten explícitamente en el registro,* estableciendo el artículo 38 en su último apartado, *que en todo caso en que la acción resolutoria o rescisoria no se pueda dirigir contra el tercero conforme a lo dispuesto en ese artículo, se podrá ejercitar la personal correspondiente para indemnización de daños y perjuicios por el que los hubiere causado.*

Para los efectos de la Ley Hipotecaria se considerará tercero, según el artículo 27 de la misma ley, aquel que no haya intervenido en el acto o contrato inscrito. Y no puede considerarse tercero al que si bien no intervino en el acto o contrato inscrito, tenía conocimiento al adquirir el inmueble, o con anterioridad a ese acto, de las cargas o gravámenes que sobre el mismo pesaban, según jurisprudencia del Tribunal Supremo de España establecida en sentencias de 8 de octubre de 1885, 11 de enero de 1895 y 7 de febrero de 1896, ratificada por la de la Corte Suprema de Puerto Rico en decisiones de 30 de diciembre de 1899 y 30 de junio de 1906. (Decisiones de Puerto Rico, tomo 1°., pág. 75, y tomo 11, pág. 287.)

Ahora bien, uno de los pronunciamientos solicitados en la demanda, es el de la nulidad del expediente de dominio de la finca de 50 cuerdas de que se dicen dueños los demandantes, aprobado por auto de 30 de agosto de 1905, y la cancelación de su inscripción en el registro de la propiedad.

En la instrucción de ese expediente, inscrito en el registro de la propiedad, intervino José Cuesta Viyeyas, y no puede invocar su carácter de tercero, con arreglo al artículo 27 de la Ley Hipotecaria. La finca de 50 cuerdas no estaba

inscrita en el registro de la propiedad cuando Viyeyas la hubo de Santiago Olivo, y por tanto, para sostener la validez de su título no puede alegar que la adquirió de persona que en el registro aparecía con derecho para enajenarla.

Dicho expediente de dominio, aunque se llenaron en su tramitación todas las formalidades externas prevenidas por la Ley Hipotecaria, inclusa la de la citación del dueño anterior, es nulo en su fondo, pues si bien del mismo aparece que Cuesta Viyeyas adquirió en el año de 1904 la finca por compra a Santiago Olivo, quien la compró a Prudencio Velilla en 1883 y Velilla a Manuel Valdés en 1881, como Valdés sabía que tal finca no era suya sino de Carmona o sus herederos, como Velilla, según confiesa, compró la finca a Valdés en concepto de representante de Juan Carmona, que ya había muerto, cuya representación no podía derivar Valdés de su carácter de albacea de Carmona, y como el mismo Velilla explica que dió conocimiento a Santiago Olivo de la forma en que había comprado a Valdés, o sea mediante un documento en que había firmas de menores, es claro que en el presente caso no puede invocarse la prescripción ordinaria como título adquisitivo del dominio por parte de Cuesta Viyeyas, por la razón de que aunque adquiriera de Olivo con buena fe y justo título, su posesión data desde el año de 1904 y la de sus causantes no puede favorecerle para completar el término de diez años, sino para completar en su caso el término de treinta años que para la prescripción extraordinaria exige el artículo 1860 del Código Civil, término, que como resalta a la simple vista, no ha transcurrido en el presente caso. A los causantes de Cuesta Viyeyas no pueden reconocérseles los requisitos de buena fe y justo título que exige la prescripción ordinaria.

Y debemos hacer constar a los efectos de la nulidad del expediente de dominio, que habiendo otorgado testamento Juan Bonifacio Carmona en 12 de octubre, 1887, y muerto en ese año o en el siguiente, cuando estaba en posesión de la finca, no pudo Manuel Valdés, como albacea nombrado en

dicho testamento, vender la finca a Velilla en 1881, ni éste a Olivo en 1883, según afirmó Cuesta Viyeyas en el escrito inicial del expediente de dominio aprobado a su favor. Tales ventas tuvieron que ser posteriores a la fecha en que murió Carmona.

Siendo como es nulo el expediente de dominio a favor de Cuesta Viyeyas, ¿puede cancelarse la inscripción que de él se hizo en el Registro de la Propiedad de San Juan? A esa pregunta contestamos negativamente. La nulidad del expediente de dominio no puede afectar a los demandados Domingo Soldini y Miss Mary Leitch, que adquirieron de quienes en el registro aparecían con derecho para otorgar los contratos a que se refieren las escrituras cuya nulidad y consiguiente cancelación de su inscripción se solicitan en la demanda, y sin que dicho registro mostrara causa alguna que viciara de nulidad el título de José Cuesta Viyeyas, de quien derivan sus derechos dominicales los otros dos demandados. Tanto a Soldini como a Miss Mary Leitch alcanzan los beneficios consignados en los artículos 34 y 36 de la Ley Hipotecaria ya citados.

Y no puede argüirse en cuanto a Domingo Soldini, que cuando adquirió la finca mediante escritura pública otorgada en 8 de diciembre de 1905, aun no estaba inscrito en el registro de la propiedad el dominio de dicha finca a favor de Cuesta Viyeyas, y por tanto, adquirió de quien no aparecía en el registro con derecho para enajenar. Tal argumento no perjudica a Soldini, pues adquirió cuando sabía que Cuesta Viyeyas tenía derecho para enajenar, según el expediente de dominio aprobado con anterioridad, y la adquisición se inscribió en el registro cuando ya había sido inscrito el expediente de dominio, o sea cuando del mismo aparecía que Cuesta Viyeyas tenía derecho para enajenar.

Alega la representación de la parte apelante que el artículo 34 de la Ley Hipotecaria no favorece ni a Soldini ni a Miss Leitch, por cuanto ese artículo se refiere al caso en que se anule o resuelva el derecho del otorgante en virtud de

título anterior no inscrito, o de causas que no resulten claramente del mismo registro. En el caso presente existe un título anterior, cual es la escritura de 27 de agosto de 1870, otorgada a favor de Juan Bonifacio Carmona, y ese título fué inscrito en el registro con fecha 25 de febrero de 1909, o sea con posterioridad al día 13 de febrero de 1906 en que se verificó la inscripción del expediente de dominio a favor de Cuesta Viyeyas.

Opinamos que para que en virtud de un título inscrito pueda invalidarse en perjuicio de tercero otro título posterior también inscrito, es necesario que la inscripción del primero sea anterior a la del segundo, pues sería absurdo suponer que un título anterior no inscrito en la fecha en que se hace la inscripción de otro posterior, puede anular o perjudicar al segundo, cuando del registro no aparece o no puede comprobarse la existencia del primero.

Aunque estimamos que está viciado de nulidad el expediente de dominio aprobado a favor de José Cuesta Viyeyas, como los vicios de nulidad no aparecían claramente del Registro, y hay terceros, a saber, Domingo Soldini y Miss Mary Leitch, adquirentes de buena fe que no pueden ser perjudicados por aquella nulidad, entendemos que no cabe cancelar su inscripción y dejar subsistentes las de las adquisiciones de Domingo Soldini y Miss Mary Leitch, cuya cancelación es abiertamente improcedente con arreglo a los preceptos de la Ley Hipotecaria ya citados. Ello no impide que los demandantes puedan ejercitar la acción personal correspondiente para la indemnización de daños y perjuicios por el que se los hubiere causado.

Por los razones expuestas, debe declararse sin lugar el recurso y confirmarse la sentencia apelada que dictó la Corte de Distrito de San Juan en 21 de marzo de 1910, sin perjuicio de que los demandantes puedan ejercitar la acción personal correspondiente para la indemnización de daños y perjuicios por el que se les hubiere causado.

*Confirmada.*

Jueces concurrentes: Sres. Asociados MacLeary y Wolf.

Los Jueces Asociados Sres. del Toro y Aldrey no tomaron parte en la resolución de este caso.