ANTELO, DEMANDANTE Y APELANTE, *v.* YABUCOA SUGAR COMPANY ET AL., DEMANDADOS Y APELADOS.

No. 3071.—*Visto:* Diciembre 14, 1923.    *Resuelto:* Abril 29, 1924.

ACUMULACIÓN DE ACCIONES—REIVINDICACIÓN CONTRA EL COMPRADOR—DAÑOS Y PERJUICIOS CONTRA EL VENDEDOR—PARTES DEMANDADAS—ACUMULACIÓN INDEBIDA DE PARTES DEMANDADAS.—La acción real de nulidad de venta y reivindicación contra el comprador no es acumulable con la personal subsidiaria de daños y perjuicios contra la persona que le vendió la finca como administrador judicial de los bienes del causante de la demandante; y no alegándose que tal vendedor tiene algún interés en la finca, de la cual tampoco está en posesión, no es parte necesaria y por tanto existe el defecto de indebida acumulación de partes.

SENTENCIA de *Pablo Berga,* J. (Humacao), teniendo a la demandante por desistida de su acción después de haber declarado con lugar ciertas excepciones previas a la demanda. *Confirmada.*

*J. Martínez Dávila* y *J. Guzmán Benítez,* abogados de la apelante; *F. González Fagundo,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En este caso la Corte de Distrito de Humacao emitió la siguiente opinión:

"La demanda en este caso establece, sin separarlas, dos distintas causas de acción; una real contra la Yabucoa Sugar Co., para que se anule una escritura de venta de una finca nombrada 'Remate' o 'Antelo', otorgada por Emilio Colón Berríos, como administrador judicial de los bienes de Andrés Antelo, a la Yabucoa Sugar Com-

pany, en 31 de octubre de 1907; para que se restituya à la demandante, Adela Antelo, en la posesión de la referida finca, y para que se condene a la demandada, Yabucoa Sugar Company, a pagar la cantidad de $20,000 de daños y perjuicios por los frutos percibidos; y otra personal, para el caso de que se declare sin lugar la acción contra la Yabucoa Sugar Company, contra la Sucesión de Emilio Colón Berríos, para que se le condene a pagar a la demandante la suma de $24,500.00, como indemnización por daños y perjuicios que Emilio Colón Berríos, su causante, le ha ocasionado, impidiéndole adquirir y usufructuar la finca objeto de la acción.

"Los demandados en este caso, la Sucesión de Emilio Colón, y la Yabucoa Sugar Company, han establecido contra la demanda la excepción previa de indebida acumulación de acciones, y dicha Sucesión ha establecido además las excepciones previas de indebida acumulación de parte demandadas y de no aducir la demanda hechos suficientes para determinar una causa de acción.

"Un demandante podrá acumular varias acciones en una misma demanda, cuando todas se derivan, entre otros casos, de reclamaciones para recobrar determinada propiedad inmueble, con o sin resarcimiento de perjuicios por retención de la misma, o por daños causados en ella y por sus rentas y utilidades, *pero las acciones así acumuladas deberán todas corresponder a una sola de estas clases y afectar a todas las partes en el pleito* y deben exponerse separadamente. Art. 104, *Código Enjuiciamiento Civil; Carlo* v. *Ferrer,* 27 D.P.R. 216.

"En el presente caso claramente no es acumulable la acción real de nulidad y reivindicación contra la Yabucoa Sugar Co., con la personal subsidiaria de daños y perjuicios contra la Sucesión de Emilio Colón, si ésta, no posee la finca. No parece que acciones de esta naturaleza pueden entablarse al mismo tiempo contra distintas personas.

"Además, la excepción previa interpuesta por la Sucesión de Emilio Colón, de que existe un defecto de indebida acumulación de partes demandadas, parece también sostenerse, pues no estando ella en posesión de la finca cuya nulidad de venta y reivindicación se pide, que es la acción principal, no es parte necesaria ni indispensable en la misma.

"La demandante nos ha citado, como aplicable, el caso de *Oliver* v. *Oliver,* 23 D.P.R. 181 que es distinto al presente porque la acción subsidiaria de daños y perjuicios se establece contra el propio demandado en posesión de la finca de cuya reivindicación se trata, siendo él quien instituyó el procedimiento hipotecario que se alega allí viciado de nulidad.

"Por las razones expuestas, se declaran con lugar las excepciones

previas de indebida acumulación de acciones y de partes demanda-das; concediéndose a la demandante el término de diez días para enmendar la demanda.''

Estamos enteramente de acuerdo con esa opinión.  En la discusión del segundo y tercer señalamiento de error la apelante trata de impugnar esta opinión pero sin resultado alguno.  Ella no demostró que existiera ningún nexo o relación entre las varias partes demandàdas y la cortes distingue los casos citados respecto a la debida acumulación de acciones.  Los casos de *Carmona* v. *Cuesta,* 18 D.P.R. 180 y 20 D.P.R. 229, no favorecen a la apelante toda vez que no se promovió ninguna cuestión de indebida acumulación de acciones y ni se solicitó un remedio distinto de dos grupos diferentes de demandados.

Habiendo sido resuelto el caso por virtud de la indebida acumulación de partes y causas de acción, la eliminación de un párrafo de la demanda no afectaba al resultado.

Como la decisión de la corte resolvía el pleito no era necesario considerar el otro motivo de error, o sea, la omisión en resolver el otro fundamento de excepción previa.

*Debe confirmarse la sentencia dictada por la corte inferior.*