MENÉNDEZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN MENÉNDEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en un caso sobre nulidad de actos y contratos.

No. 1043.—Resuelto en marzo 30, 1914.

HERENCIA—HEREDEROS VOLUNTARIOS—HEREDEROS FORZOSOS—PRESCRIPCIÓN—TERCEROS.—De acuerdo con el artículo 23 de la Ley Hipotecaria la inscripción de bienes adquiridos por herencia por herederos voluntarios perjudica a ter-

cero después de transcurridos cinco años desde la inscripción, pero tratándose de bienes adquiridos por herederos forzosos la inscripción perjudica a tercero desde su fecha.

HIJOS NATURALES—NULIDAD DE DECLARATORIA DE HEREDEROS—HERENCIA—TERCEROS.—Cuando, como en el caso de autos, una hermana pide y obtiene judicialmente la declaración de heredera de un hermano fallecido y en virtud de dicha declaración inscribe a su favor en el registro los bienes de su hermano, y un hijo natural del citado hermano ejercitando la acción de reconocimiento obtiene a su favor una sentencia declarándolo tal hijo natural, éste no puede ejercitar con éxito la acción de nulidad de dicha inscripción ni de venta otorgada a favor de terceros cuando ya han transcurrido los cinco años que prescribe el artículo 23 de la Ley Hipotecaria.

TERCEROS—INSCRIPCIÓN DE CONTRATOS NULOS.—El precepto del artículo 33 de la Ley Hipotecaria expresivo de que la inscripción no convalida los actos o contratos que sean nulos con arreglo a las leyes, está sujeto a la excepción que a favor de terceros estatuye el artículo 34 de dicha ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan Hernández López.*

Abogado del apelado José Soler Serra: *Sr. A. Malaret.*

Abogado del apelado José Julián Menéndez: *Sr. Félix Santoni.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 13 de septiembre del año 1911 presentó demanda ante la Corte de Distrito del Distrito Judicial de Arecibo, Bernardo Menéndez y Rivera contra la Sucesión de Emilia Menéndez y Goitía y contra José Soler Serra y Julián Menéndez con súplica de que mediante la celebración del correspondiente juicio se dictara en su día sentencia definitiva por la que se decretara que cierta finca rústica descrita en la demanda pertenece en propiedad y posesión al demandante como único heredero de Plácido Menéndez y Goitía, se declarara nula la hipoteca constituída sobre esa finca por Emilia Menéndez y Goitía en escritura de 27 de abril de 1900 a favor de José Soler Serra, y nulo también el procedimiento hipotecario seguido contra la misma finca por el Soler Serra para el cobro de la hipoteca, con inclusión de la venta que de la finca se hizo en pública subasta, y se dispusiera en consecuencia que el subastador Julián Menéndez entregara la finca a su legítimo dueño el demandante con los frutos habidos

y por haber desde que tomó posesión de ella, deduciendo gastos justificados de cultivo y administración, con imposición de todas las costas y gastos del juicio a los demandados, honorarios del abogado del demandante inclusive.

De las alegaciones de la parte demandante, de las de los demandados José Soler Serra y Julián Menéndez y del escrito de exposición del caso, resultan los siguientes hechos, que el Juez de la Corte de Distrito de Arecibo estableció como probados al fundamentar su sentencia:

(*a*) Plácido Menéndez Goitía falleció en Arecibo el día 6 de noviembre de 1892 en estado de soltería y sin otorgar disposición testamentaria.

(*b*) Por auto de 3 de marzo de 1893 el Juzgado de Primera Instancia del Distrito de Arecibo declaró único heredero abintestato del finado Plácido Menéndez Goitía, a su hermana natural reconocida Emilia de los mismos apellidos, habiendo sido inscrito el mencionado auto en el Registro de la Propiedad de Arecibo con fecha 17 de julio de 1893.

(*c*) Por escritura pública otorgada en Arecibo el 27 de abril de 1900, la Emilia Menéndez Goitía, asistida de su esposo, hipotecó a favor de José Soler Serra la finca que reclama el demandante, para garantir el pago de $1,500 que Soler Serra le había facilitado en calidad de prestamo, cuya escritura fué inscrita en el Registro de la Propiedad de Arecibo el 30 del mismo abril.

(*d*) Por otra escritura pública de 20 de julio de 1906 también inscrita en el Registro de la Propiedad de Arecibo en 3 de agosto siguiente, José Soler Serra en procedimiento sumario por él seguido contra la Sucesión de Emilia Menéndez para el cobro del crédito hipotecario antedicho adquirió la finca de que se trata.

(*e*) Por otra escritura pública de 8 de agosto citado, inscrita en el Registro de la Propiedad de Arecibo el 6 de septiembre siguiente, José Soler Serra vendió la misma finca a Julián Menéndez.

(*f*) En 7 de marzo de 1910 Bernardo Menéndez presentó demanda ante la Corte de Distrito de Arecibo contra la Sucesión de Emilia Menéndez Goitía para que se le declarara hijo natural reconocido y heredero abintestato de Plácido Menéndez y se anulase la declaratoria de heredera de Plácido Menéndez hecha a favor de Emilia Menéndez, habiendo pronunciado dicha corte sentencia a favor de Bernardo Menéndez y de acuerdo con su petición con fecha 10 de mayo de 1910, cuya sentencia fué anotada en el registro civil el 5 de octubre de 1911.

En vista de las anteriores conclusiones de hecho y haciendo aplicación la corte inferior de los artículos 23 y 34 de la Ley Hipotecaria dictó sentencia en 8 de mayo de 1913 declarando sin lugar la demanda en todas sus partes, con las costas a cargo del demandante, contra cuya sentencia interpuso su representación recurso de apelación para ante esta Corte Suprema.

Invoca la parte apelante como motivos del recurso la infracción de los artículos 354, 356, 616, 664, *a, b, c* y *d,* 667, 669, 1228, 1242, 1360 y 1874 del Código Civil como también los artículos 33 y 34 de la Ley Hipotecaria.

Los artículos del Código Civil se refieren a la propiedad en general, a los modos de adquirirla, a las sucesiones, a los requisitos necesarios para la validez de los contratos, a los contratos sin causa o con causa ilícita, a la capacidad para celebrar el contrato de compraventa y a la prescripción de las acciones, pero como las cuestiones legales surgidas en el presente pleito han de resolverse por los preceptos de la Ley Hipotecaria y no por los del Código Civil que invoca la parte recurrente, según estatuye el artículo 615 de dicho código, prescindiremos del examen de las infracciones legales apuntadas y estudiarémos el caso a la luz de los preceptos de la Ley Hipotecaria aplicables al mismo.

Esos artículos de la Ley Hipotecaria son los 23 y 34 en

que el juez funda su sentencia.  El artículo 23 en la parte conducente dice así:

"Artículo 23.—*  *  *.  La inscripción de los bienes inmuebles y derechos reales adquiridos por herencia o legado no perjudicará a tercero, si no hubiesen transcurrido cinco años desde la fecha de la misma.  Exceptúanse los casos de herencia testada o intestada, mejora y legado, cuando recaiga en herederos forzosos."

Es decir, que según el precepto que dejamos transcrito, la inscripción relativa a bienes adquiridos por herederos voluntarios no perjudicará a tercero hasta después de transcurridos cinco años de la inscripción, lo que no sucede respecto de los herederos forzosos, pues tratándose de éstos la inscripción sigue la regla general.  Fúndase quizás la ley para declararlo así, según Galindo y Escosura, en que siendo menor el peligro que se quiere conjurar tratándose de herederos forzosos, no estaría tan justificado el entredicho en que durante cinco años habían de tener los bienes, como lo está tratándose de herederos voluntarios.

Es indiscutible según el texto de la ley, que transcurridos los cinco años de la inscripción de los bienes inmuebles y derechos reales adquiridos por herencia o legado, a contar desde la fecha de la inscripción hecha a favor de herederos voluntarios, ésta perjudica a tercero.

"Inscrita la herencia," son palabras de Galindo y Escosura, "y no transcurridos los cinco años, el que quiera contratar sobre los bienes que la constituyen cuidará de cerciorarse de si puede haber otra persona con mejor derecho que la que los tiene inscritos a su favor, y obrará según su prudencia le aconseje, pues ya sabe que la irrevocabilidad de su adquisición estriba en que aparezca o nó quién tenga mejor derecho que el heredero a cuyo favor se han inscrito los bienes.  Pasados cinco años, ya no tiene necesidad de esas averiguaciones; le basta saber que adquiere de quien tiene inscrito su derecho."

Esta misma Corte Suprema al resolver en 16 de abril

de 1912 el caso de *Natalio Figueroa* v. *El Registrador de la
Propiedad de San Germán,* 18 D. P. R., 260, dejó establecido
que "el artículo 23 de la Ley Hipotecaria ordena expresa-
mente la inscripción de herencia a fin de que pueda perju-
dicar a tercero dentro de los cinco años siguientes a su fecha,
obteniendo los que adquieran fincas del heredero, transcu-
rrido aquel plazo, la debida seguridad en el dominio y pose-
sión de ellas."

Ahora bien, Emilia Menéndez y Goitía, que no era here-
dera necesaria de su hermano Plácido, inscribió a su favor
el dominio de la finca de que se trata por título de herencia
intestada, en 17 de julio de 1893, y en marzo de 1910 fué que
el demandante Bernardo Menéndez obtuvo sentencia de la
Corte de Distrito de Arecibo declarándolo hijo natural reco-
nocido y heredero abintestato de Plácido Menéndez, y anu-
lando la declaratoria de heredera de Plácido Menéndez hecha
en marzo de 1893 a favor de Emilia Menéndez y Goitía.  La
demanda que originó el presente pleito fué presentada en
13 de septiembre de 1911.  Habían transcurrido, pues, con
exceso, los cinco años a que se refiere el artículo 23 de la Ley
Hipotecaria, sin que Bernardo Menéndez Rivera hubiera
hecho reclamación alguna contra la inscripción del título here-
ditario otorgado a Emilia Menéndez y Goitía por el Juzgado
de Primera Instancia de Arecibo en auto de 3 de marzo de
1893, y por tanto quedó sujeto a las consecuencias del trans-
curso de aquel espacio de tiempo, o sea, al perjuicio consi-
guiente a la inscripción.

Si el perjuicio que sufren los herederos de mejor derecho
por la inscripción extendida en favor de los herederos pre-
suntos consiste en la pérdida del que en la herencia les corres-
pondiera, o si ha de reducirse a la obligación de reconocer
los actos y contratos que válidamente ejecutaron los últimos
mientras tuvo vida legal la inscripción, debiendo regularse
los derechos mutuos entre los herederos que se disputan la
herencia por los preceptos que establece el Código Civil, es
cuestión legal que sería de influencia si la finca cuyo domi-

nio reclama la parte demandante no hubiera pasado a terceros, pero que no tiene importancia alguna en el presente pleito en que hay terceros, cuales son los demandados José Soler Serra y Julián Menéndez, a quienes ampara el artículo 34 de la Ley Hipotecaria, preceptivo de que los actos o contratos que se ejecuten u otorguen por persona que en el registro aparezca con derecho para hacerlo, no se invalidarán en cuanto a tercero una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo registro.

La hipoteca a favor de Soler Serra por Emilia Menéndez y Goitía, sobre la finca de que se trata, la venta de ésta a favor de Soler Serra, y la segunda venta por Soler Serra a favor de Julián Menéndez, fueron contratos ejecutados el primero en el año de 1900, y los otros dos en el año de 1906, cuando ya habían transcurrido cinco años de la inscripción de dicha finca en el registro por título hereditario a favor de Emilia Menéndez Goitía, sin que del registro apareciera causa alguna que pudiera anular o resolver dichos contratos. Aun más, en el juicio no se ha probado ni siquiera alegado que Emilia Menéndez y Goitía, José Soler Serra y Julián Menéndez, tuvieran conocimiento en la fecha de la realización de tales contratos de que el demandante fuera hijo natural de Plácido Menéndez y Goitía, y que procedieran de acuerdo para defraudar los derechos de éste. No pueden invalidarse los contratos de referencia ni reivindicarse por el demandante una finca que pudo ser o nó reivindicable, sino hubiera pasado a terceras personas, pero que ya no lo es en virtud del precepto del artículo 34 ya citado de la Ley Hipotecaria.

El artículo 33 de la Ley Hipotecaria que invoca la parte recurrente en apoyo del recurso, expresivo de que la inscripción no convalida los actos o contratos que sean nulos con arreglo a las leyes, tiene su excepción en cuanto a terceros, hecha en el artículo siguiente, y es la misma anteriormente apuntada.

En corroboración de la doctrina expuesta podemos invo-.
car las sentencias del Tribunal Supremo de España de 13
de enero y 3 de julio de 1906, y 24 de noviembre de 1910, apli-
cando preceptos de la Ley Hipotecaria allí vigente, similares
a los de la nuestra.

Por las razones expuestas es de confirmarse la sentencia
apelada.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y
Aldrey.