CARMONA ET AL., DEMANDANTES *y* APELANTES, *v.* CUESTA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre indemnización de daños y perjuicios por apropiación fraudulenta de bienes inmuebles.

No. 1054.—Resuelto en marzo 30, 1914.

PRESCRIPCIÓN—ACCIÓN DE INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS FUNDADA EN EL ARTÍCULO 38 DE LA LEY HIPOTECARIA.—La acción de daños y perjuicios fundada en el artículo 38 de la Ley Hipotecaria es de carácter personal y por no tener señalado término especial de prescripción, de acuerdo con el artículo 1865 del Código Civil prescribe a los quince años.

ÍD.—PRINCIPIO DE LA PRESCRIPCIÓN.—El término para la prescripción de la acción de indemnización de daños y perjuicios fundada en el artículo 38 de la Ley Hipotecaria empieza a contarse desde el día en que pueda ejercitarse la acción según el artículo 1870, o sea desde la fecha en que la finca fué inscrita en el registro de la propiedad a favor de tercero.

ID.—INTERRUPCIÓN DE LA PRESCRIPCIÓN—EJERCICIO DE LA ACCIÓN REIVINDICATORIA.—El ejercicio de la acción reivindicatoria no interrumpe la prescripción de la acción de daños y perjuicios fundada en el artículo 38 de la Ley Hipotecaria.

ACCIÓN DE INDEMNIZACIÓN DE DAÑOS Y PERJUICIOS FUNDADA EN EL ARTÍCULO 38 DE LA LEY HIPOTECARIA—CONSOLIDACIÓN DEL DOMINIO EN UN TERCERO.—La alegación de que el dominio de la finca se ha consolidado en un tercero por su inscripción en el registro de la propiedad no constituye defensa válida a una acción de daños y perjuicios fundada en el artículo 38 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Jacinto Texidor.*

Abogados del apelado: *Sres. Muñoz* y *Brown.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Ante la Corte de Distrito del Distrito Judicial de San Juan, Sección 1ª., presentaron demanda que fué registrada en 15 de abril de 1913, Manuel de Jesús, Juan Antonio y Rafael Carmona Ríos, y Amalia del Pilar Martínez, contra José Cuesta Viyeyas, y en ella alegaron los demandantes:

Que Juan Bonifacio Carmona y Cruz, padre legítimo de los demandantes Carmona Ríos, estuvo casado en primeras nupcias con Florencia Ríos y durante ese matrimonio adquirió de Nemesio Rodríguez mediante escritura de compraventa de 27 de agosto de 1870, una finca rústica con 40 cuerdas más o menos de cabida, sita en el barrio de Mucarabones, término municipal de Toa Alta, según se describe en la demanda:

Que Florencia Ríos falleció sin testar en 7 de enero de 1876 dejando como únicos herederos a los demandantes Carmona Ríos, declarados tales por sentencia de 26 de noviembre de 1909, quienes quedaron disfrutando de la mitad de la finca mencionada en común proindiviso con su padre Juan Bonifacio Carmona, dueño de la otra mitad.

Que Juan Bonifacio Carmona contrajo segundas nupcias con Carlota Domínguez Nieves en el año de 1877.

Que Juan Bonifacio Carmona falleció en 22 de octubre de 1887 bajo testamento otorgado en 12 del mismo mes, en cuyo testamento instituyó por únicos y universales herederos a sus hijos Manuel de Jesús, Juan Antonio, y Rafael Carmona y Ríos, y a otro que vino a nacer en 16 de marzo de 1888, único hijo del segundo matrimonio, que se llamó José Dolores Carmona Domínguez.

Que José Dolores Carmona Domínguez falleció en 8 de julio de 1891, siendo su única heredera declarada tal por sentencia, la madre Carlota Domínguez, que murió en 20 de diciembre de 1906, dejando como única heredera a su sobrina

Amalia del Pilar Martínez, también declarada tal heredera por sentencia.

Que en el año 1905 José Cuesta Viyeyas fraudulentamente y sabiendo que la dicha finca de 40 cuerdas, incluída en otra de 50, era de la propiedad de los demandantes, promovió ante la Corte de Distrito de San Juan expediente de dominio en el que por medio de declaraciones falsas hizo constar que había adquirido la finca de 50 cuerdas, en que estaban incluídas las 40 de los demandantes, por compra a Santiago Olivo en julio de 1904, y que Olivo a su vez la había adquirido por compra a Prudencio Velilla en 1883, y Prudencio Velilla por compra a Manuel Valdés en 1881, habiendo obtenido así por medio de ese fraude una resolución judicial de 30 de agosto de 1905, declaratoria del dominio de dicha finca, que inscribió a su favor en el registro de la propiedad.

Que el Manuel Valdés, vendedor de la finca a Velilla, era el albacea nombrado en su testamento por Juan Bonifacio Carmona, y prevaliéndose de su cargo la vendió sin autorización de corte competente, no obstante ser entonces los demandantes menores de edad.

Que al verificarse la venta por Valdés a Velilla sabía el comprador que la finca pertenecía a los menores Carmona y Ríos y que el vendedor no tenía autorización legal para realizar dicha venta.

Que al hacerse la venta por Velilla a Olivo, sabía éste las circunstancias en que Velilla había adquirido la finca, y cuando la compró a Olivo el demandado Cuesta Viyeyas la adquirió con conocimiento exacto de que pertenecía en verdad a los herederos de Juan Bonifacio Carmona y que había sido vendida a Velilla por el albacea sin autorización legal para ello, no obstante lo cual el demandado Viyeyas promovió el expediente de dominio de que se deja hecho mérito.

Que obtenida por Viyeyas la declaratoria de dominio vendió la finca en 8 de diciembre de 1905 a Domingo Soldini, quien a su vez la vendió a Mary Leicht por escritura de 12 de octu-

bre de 1906, inscrita en el Registro de la Propiedad de San Juan.

Que los demandantes promovieron ante la Corte de Distrito de San Juan, acción reivindicatoria contra José Cuesta Viyeyas, Domingo Soldini y Mary Leight con el fin de recobrar la propiedad de su finca de 40 cuerdas y obtener que se declarara la nulidad del expediente de dominio incoado por Cuesta Viyeyas y la de las escrituras de venta por Viyeyas a Soldini y por éste a María Leight, en cuyo juicio recayó sentencia contra los demandantes que en grado de apelación confirmó esta Corte Suprema por la suya de 29 de marzo de 1912 declarando expresamente que era nulo en su fondo el expediente de dominio promovido por Cuesta Viyeyas y reservando a los ahora demandantes su acción personal para reclamar la indemnización de daños y perjuicios a quien se los hubiera causado.

Que desde la fecha de la sentencia dictada por esta Corte Suprema los demandantes han perdido definitivamente la finca de 40 cuerdas que era de su propiedad, como consecuencia del proceder fraudulento y malicioso de Cuesta Viyeyas en la instrucción del expediente de dominio, incluyendo en la finca cuyo dominio pretendía justificar la que pertenecía a los demandantes, estableciendo falsamente los hechos relativos a las ventas sucesivas de la misma finca, y presentando a la corte pruebas falsas para obtener así una declaración de dominio que unida a la venta hecha a Soldini obstaculizara toda gestión de los demandantes para recobrar su finca; y que el demandado José Cuesta Viyeyas ha irrogado a los demandantes un perjuicio consistente en la pérdida de la finca cuyo valor fijan en $4,500.

La demanda concluye con la súplica de que en su día se dicte sentencia condenando a Cuesta Viyeyas a satisfacer a los demandantes una indemnización por valor de $4,500, con las costas del litigio y $1,000 para honorarios de abogado.

A dicha demanda opuso la parte demandada como excepciones previas las de que la acción ejercitada por los deman-

dantes había prescrito de acuerdo con el párrafo 2 del artículo 1869 del Código Civil, y la de que la demanda no aduce hechos suficientes para determinar una causa de acción.

La corte inferior por sentencia de 8 de octubre de 1913 declaró con lugar la excepción previa de prescripción, y en su consecuencia desestimó la demanda sin especial condenación de costas, contra cuya sentencia interpuso la representación de la parte demandante recurso de apelación para ante esta Corte Suprema.

Invoca la parte apelante como motivo del recurso la aplicación indebida del número 2 del artículo 1869 del Código Civil, pues entiende que la acción de daños y perjuicios ejercitada en la demanda es subsidiaria, que no ha podido ejercitarse sin ejercitarse antes la reivindicatoria, cuyo ejercicio interrumpió el término para la prescripción de la acción de daños y perjuicios, no habiendo empezado por tanto a correr el término sino desde la fecha de la sentencia de esta Corte Suprema declarando sin lugar la acción reivindicatoria.

Si se aceptara la teoría de la parte demandante, la acción de daños y perjuicios ejercitada en la demanda habría prescrito, pues según resulta de las alegaciones de la demanda, la sentencia de esta Corte Suprema que puso término a la acción reivindicatoria se dictó en 29 de marzo de 1912 mientras que la acción de daños y perjuicios ahora ejercitada fué iniciada con la radicación de la demanda en la Secretaría de la Corte de Distrito de San Juan el 15 de abril de 1913, o sea un año y diez y siete días después de pronunciada aquella sentencia.

Pero es que no podemos admitir que la prescripción en el presente caso deba regularse por el artículo 1869 del Código Civil.

Ese artículo dice así:

"Artículo 1869.—Prescriben por el transcurso de un año:
"1ª. La acción para recobrar o retener la posesión.
"2ª. La acción para exigir la responsabilidad civil por injuria o

calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1803, desde que lo supo el agraviado.''

El artículo 1803 está redactado en los siguientes términos:

''Artículo 1803.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado.''

Dicho artículo 1803 guarda congruencia con el 1056 que dice:

''Artículo 1056.—Las obligaciones nacen de la Ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier genero de culpa o negligencia.''

Y el artículo 1060, comprendido en el libro 4 del Código Civil, dice textualmente:

''Artículo 1060.—Las (obligaciones) que se deriven de actos u omisiones en que intervenga culpa o negligencia no penadas por la ley, quedarán sometidas a las disposiciones del Capítulo II del Título XVI de este Libro.''

Examinado el capítulo 2 del Título XVI del libro 4 del Código Civil que comprende los artículos 1803 a 1811, ambos inclusive, encontramos que las responsabilidades que dichos artículos establecen nacen de culpa o negligencia, que sin la existencia de una obligación anterior y sin ningún antecedente contractual producen un daño o perjuicio que tiene su origen en una acción u omisión derivadas de aquella culpa o negligencia.

Del estudio de estos mismos artículos deducimos que entre los daños y perjuicios y la culpa o negligencia de que se derivan ha de haber una relación inmediata de causa a efecto, y que la indemnización de aquéllos no ha de ser accesoria de otra responsabilidad o efecto de no poder ser exigible cualquier responsabilidad legal o contractual. De aquí que la acción de daños y perjuicios a que nos referimos, es prin-

cipal, no subsidiaria, y es el único remedio que puede conducir a la vindicación del agravio por culpa o negligencia.

Ahora bien, según el artículo 354 del Código Civil el propietario tiene acción contra el tenedor y el poseedor de la cosa para reivindicarla. Es decir, que el propietario, como dice la representación de la parte apelante, tiene su acción real, directa y primera, para sostener su derecho de propiedad contra una tenencia o posesión adversa o injusta. El término de prescripción de dicha acción es de 30 años según el artículo 1864 del Código Civil.

Puede suceder que el bien inmueble que se trate de reivindicar se encuentre en poder de un tercero con título inscrito en el registro de la propiedad, y que la acción reivindicatoria no pueda ser eficaz contra aquél. Para tal evento previene el artículo 38 de la Ley Hipotecaria en su último párrafo que "en todo caso en que la acción resolutoria o rescisoria no pueda dirigirse contra el tercero, conforme a lo dispuesto en dicho artículo, se podrá ejercitar la personal correspondiente para la indemnización de daños y perjuicios por el que los hubiere causado."

Con el anterior precepto concuerda el contenido en el segundo apartado del artículo 1262 del Código Civil, expresivo de que la rescisión no tendrá lugar cuando las cosas objeto del contrato se hallaren legalmente en poder de terceras personas que no hubiesen procedido de mala fe, en cuyo caso podrá reclamarse la indemnización de perjuicios al causante de la lesión.

Los demandantes, según los hechos alegados en la demanda, tenían el derecho de reivindicar la finca de 40 cuerdas a que se refieren, y para ello ejercitaron la acción reivindicatoria que les reconocía el artículo 354 del Código Civil; pero la acción fué desestimada declarando expresamente esta Corte Suprema por su sentencia de 29 de marzo de 1912, al resolver el caso en grado de apelación, ser nulo en su fondo el expediente de dominio promovido por Cuesta Viyeyas que sirvió de título de propiedad para la venta de la finca hecha por

Viyeyas a Soldini y por éste a Mary Leicht. Por no haber prosperado la acción reivindicatoria ejercitada, esta Corte Suprema reservó a los ahora demandantes, su acción personal para reclamar la indemnización de daños y perjuicios a quien se los hubiera causado. Esa acción de daños y perjuicios nace de los hechos determinantes de la acción reivindicatoria y del hecho de no haber podido ésta prosperar por existir un obstáculo legal para ello, cual es la adquisición, de la finca en cuestión por un tercero que legalmente no puede ser compelido a su restitución. No tiene la acción de daños y perjuicios en el presente caso el carácter de principal sino de subsidiaria, en atención a existir un impedimento legal para que prospere la acción reivindicatoria, y es un remedio que el legislador ha reconocido al dueño de la finca para que ya que no puede reivindicarla pueda llegar mediante dicha acción a la reparación de su derecho lesionado.

Como se ve, la acción de daños y perjuicios ejercitada no es la acción para exigir responsabilidad por culpa o negligencia, a que se refiere el número 2 del artículo 1869 del Código Civil, y no es por tanto aplicable al presente caso el precepto sobre prescripción por un año, que dicho artículo establece. Se trata de una acción personal que no tiene señalado término especial de prescripción y que por tanto prescribe a los quince años con arreglo al artículo 1865 del Código Civil.

El tiempo para la prescripción, según el artículo 1870 debe contarse desde el día en que pudo ejercitarse, o sea desde el año 1906 en que fué inscrita la finca en el registro de la propiedad a favor de tercero. La prescripción no se ha interrumpido por el ejercicio de la acción reivindicatoria que fué declarada sin lugar, pues según doctrina aceptable del Tribunal Supremo de España, establecida en sentencia de 5 de julio de 1904, para estimar que se ha interrumpido el plazo de prescripción de una acción determinada, es indispensable que se haya ejercitado dicha acción, no otra con que ella tenga mayor o menor analogía, sin que por tanto sea aplicable al presente caso el artículo 1874. La demanda para indemni-

zación de daños y perjuicios fué archivada en 15 de abril de 1913. No cabe, pues, afirmar que ha prescrito la acción por el transcurso de los 15 años señalados por la ley, y en su consecuencia la corte cometió error al desestimar la demanda por prescripción de la acción mediante aplicación indebida del número 2 del artículo 1869 del Código Civil, y falta de aplicación del artículo 1865. ¿Pero podría sostenerse la sentencia por el fundamento de la otra excepción alegada, o sea, de que los hechos no determinan una causa de acción?

Examinados esos hechos y apreciados en su conjunto entendemos que determinan la acción de daños y perjuicios ejercitada en la demanda y que reconoce el artículo 38 de la Ley Hipotecaria, congruente con el 1262 del Código Civil.

No es aceptable la alegación de la parte apelada de que en el presente caso el dominio de la finca se ha consolidado en un tercero por su inscripción en el registro de la propiedad, y que por tanto no cabe indemnización de daños y perjuicios, como no la habría, según afirma, en el caso de que el dominio se consolidara en una persona por el transcurso del tiempo señalado para la prescripción. Los casos no son iguales, y por tanto no pueden regirse por los mismos principios legales.

La resolución de esta Corte Suprema en el caso de *Buxó et al* v. *Martínez,* 18 D. P. R., 1038, no sostiene la sentencia apelada, pues hay diferencias notables entre aquel caso y el presente. La responsabilidad por culpa o negligencia ha sido tratada en los casos de *Zalduondo* v. *Sánchez,* 15 D. P. R., 231, y de *Guzmán* v. *Vidal,* 19 D. P. R., 841.

Es de revocarse la sentencia apelada ordenándose la sustanciación del juicio por sus trámites regulares.

*Revocada la sentencia y que el juicio siga su tramitación ordinaria.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.