ESTHER PALMIERI GÓÑEZ, menor representada y asistida de su madre con patria potestad sobre ella, SANTOS GÓÑEZ, demandante y apelante, *v.* THE FEDERAL LAND BANK OF BALTIMORE, demandado y apelado.

Núm. 7957.—*Sometido:* Junio 11, 1941. *Resuelto:* Junio 24, 1941.

*Luciano Colón Santiago* y *R. Hernández Matos,* abogados de la apelante; *Frank Martínez, Sebastián García Díaz* y *Enrique Campos Del Toro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Alfredo Palmieri Ferri falleció en Adjuntas, sin otorgar disposición testamentaria, el 18 de diciembre de 1921, dejando entre otros bienes dos fincas rústicas radicadas en dicho municipio, descritas en la demanda. Cinco días después sus hermanos, nombrados en la demanda, fueron declarados sus únicos y universales herederos, *sin perjuicio de tercero de mejor derecho,* e inscribieron a su nombre los bienes hereditarios el 11 de diciembre de 1925.

Por escritura de 26 de octubre de 1926, los herederos de Alfredo Palmieri constituyeron hipoteca voluntaria sobre las dos fincas antes mencionadas, a favor del Federal Land Bank of Baltimore, en garantía de un préstamo por $9,600 de principal y otros créditos accesorios, inscribiéndose la hipoteca el 19 de noviembre de 1926. El crédito hipotecario fué luego ampliado hasta la cantidad de $12,400, por escritura de 14 de octubre de 1932.

En el mes de septiembre de 1933, la apelante, siendo menor de edad, pero representada por su madre con patria potestad, radicó demanda de filiación solicitando ser declarada hija natural reconocida de Alfredo Palmieri Ferri, anotando la demanda en el registro de la propiedad en relación con

dichas fincas el 26 de septiembre de 1933. La corte inferior declaró con lugar la demanda de filiación el 26 de junio de 1934, quedando firme la sentencia al dictarse la de este tribunal el 24 de julio de 1936 (50 D.P.R. 457).

Mientras el pleito de filiación se hallaba en trámites de apelación, allá por el mes de octubre de 1935 y vigente aún la anotación de *lis pendens,* el acreedor, The Federal Land Bank of Baltimore, radicó un pleito en la Corte de Distrito de San Juan por el procedimiento sumario ejecutivo, haciendo figurar como demandados a los hermanos Palmieri Ferri, en el cual no se hizo parte ni se notificó en forma alguna a la aquí demandante Esther Góñez Palmieri, no obstante la anotación de lis pendens.

Posteriormente el citado pleito fué trasladado a la Corte de Distrito de los Estados Unidos, donde continuó tramitándose hasta que terminó con la adjudicación de las fincas al acreedor hipotecario el 7 de mayo de 1936, quien posteriormente las vendió a terceras personas.

Con estos hechos por base, la menor Esther Palmieri Góñez radicó la demanda de este pleito contra el citado Banco, en reclamación de daños y perjuicios. Alegó además en dicha demanda que por haber vendido las fincas el demandado a terceras personas, ''la demandante nunca pudo tomar posesión de las dos descritas fincas,'' cuyo valor estima en $18,000; que el referido procedimiento en ejecución de la hipoteca, iniciado en la Corte de Distrito de San Juan y terminado en la Corte de Distrito de los Estados Unidos para Puerto Rico es nulo por las siguientes razones: (*a*) porque la Corte de Distrito de San Juan carecería de jurisdicción para conocer del procedimiento sumario ejecutivo, por radicar las fincas hipotecadas en el distrito judicial de Ponce; (*b*) porque la aquí demandante no fué demandada en dicho procedimiento ni notificada del mismo, ni ratificó ella la referida hipoteca.

Continuó alegando que con motivo de las actuaciones de la parte demandada, la demandante ''se ha visto privada del

goce y disfrute de las dos fincas antes descritas, ocasionándole daños y perjuicios que estima en la suma de $20,000,'' y termina la demanda con la siguiente súplica:

"Que en su día dicte sentencia declarando con lugar esta demanda y condene al demandado Federal Land Bank of Baltimore a pagar a la demandante la suma de $20,000, intereses desde la fecha de la demanda hasta su total pago, y las costas de este pleito.''

Contra esa demanda interpuso el demandado las excepciones previas de no aducir hechos constitutivos de causa de acción; de estar prescrita la acción de acuerdo con el párrafo segundo del artículo 23 de la Ley Hipotecaria; y la de ser la demanda ambigua, ininteligible y dudosa.

La corte inferior declaró con lugar las excepciones de insuficiencia de hechos y la de prescripción, y se abstuvo de resolver la de ambigüedad, por estimarlo innecesario.

Rehusó la demandante enmendar su demanda y a su instancia la corte dictó sentencia declarándola sin lugar, siendo contra esa sentencia que se estableció el presente recurso.

Los motivos que tuvo la corte inferior para declarar con lugar las excepciones previas surgen de los siguientes párrafos de su resolución:

"El artículo 23 de la Ley Hipotecaria dispone que la inscripción de los bienes inmuebles y derechos reales adquiridos por herencia o legado *no perjudicará a tercero si no hubieren transcurrido cinco años desde la fecha de la misma,* con excepción de los casos de herencia testada o intestada, mejora y legado, cuando recaiga en herederos forzosos.

"" * * * * * *

"Por todo lo anteriormente expuesto y visto, además, el caso de *Menéndez* v. *Sucesión Menéndez, et al.,* 20 D.P.R. 222, la corte llega a la conclusión de que la demanda 'no aduce hechos suficientes para determinar una causa de acción' contra el demandado Federal Land Bank of Baltimore. . .'' (Bastardillas suyas.)

Un solo error señala la apelante y es el haberse declarado con lugar las excepciones previas antes mencionadas.

 Empezaremos por determinar si es válida o no la hipoteca en controversia. Para ello debemos recurrir al párrafo segundo del artículo 23 de la Ley Hipotecaria, invocado por el apelado y por la corte inferior. Dice así:

"La inscripción de los bienes inmuebles y derechos reales adquiridos por herencia o legado no perjudicará a tercero si no hubiesen transcurrido cinco años desde la fecha de la misma. Exceptúanse los casos de herencia testada o intestada, mejora y legado cuando recaiga en herederos forzosos."

En armonía con el transcrito precepto legal, la inscripción a favor de herederos o legatarios que no sean herederos forzosos, de los bienes inmuebles y derechos reales, se practica sujeta a la condición resolutoria de disolverse el derecho inscrito si dentro de los cinco años siguientes a la fecha de la inscripción la cosa inscrita es reclamada por otro heredero de mejor derecho. En otras palabras, el que adquiere del heredero voluntario antes de vencer dicho plazo de cinco años, asume el riesgo de perder lo adquirido si dentro de dicho plazo reclamase el inmueble o derecho real un heredero de mejor derecho.

Comentando Galindo y Escosura el artículo 23 de la Ley Hipotecaria de España, de 17 de julio de 1877, un precepto idéntico al 23 de la nuestra, dicen así:

"En resumen: según el artículo 23 de la Ley, tal como hoy está redactado, la inscripción perjudica a tercero desde su fecha, exceptuando únicamente la relativa a bienes adquiridos por herederos o legatarios voluntarios que no perjudicará a herederos de mejor derecho, sino hasta después de transcurridos cinco años." Legislación Hipotecaria, tomo 2, pág. 284.

"Si la herencia pasa antes de los cinco años a otros herederos, no les perjudica a éstos, y podrán reclamar contra la enajenación inscrita: *si han transcurrido ya cinco años, aquellas ventas les perjudica;* es decir, antes de pasar por ellas, salvo su derecho a repetir de los vendedores, reputados herederos cuando vendieron, el precio de la cosa enajenada." Ob. y t. cit., pág. 286.

Y Morell, comentando el artículo 23 de la Ley Hipotecaria de España de 16 de diciembre de 1909, sustancialmente igual al 23 de la nuestra, dice:

"Los herederos de mejor derecho, dentro de los dos años (en Puerto Rico dentro de los cinco), pueden anular o resolver el derecho inscrito por los herederos voluntarios y por los que de éstos hayan adquirido. Después de los dos años, si los bienes han sido ya registrados a favor de terceros, el derecho de éstos se ha hecho firme, y el heredero de mejor derecho sólo le queda acción personal contra los otros herederos." "Legislación Hipotecaria," tomo 2, pág. 552. (Paréntesis nuestro.)

Véase además el caso de *Menéndez* v. *Sucesión Menéndez*, 20 D.P.R. 222, citado por la corte inferior.

En el presente caso los hermanos Palmieri Ferri inscribieron la herencia a su nombre, como hemos visto, el 11 de diciembre de 1925, y no fué hasta septiembre de 1933 que la apelante radicó su demanda de filiación. Por consiguiente, el derecho de hipoteca a favor del Federal Land Bank of Baltimore quedó firme y libre de la condición resolutoria, por haber transcurrido con exceso el plazo de cinco años desde que se inscribió a favor de los hermanos Palmieri la herencia, hasta que se presentó la demanda de filiación.

La apelante ataca, como hemos visto, la validez del procedimiento sumario ejecutivo, alegando que tanto la Corte de Distrito de San Juan, donde se inició, como la Corte Federal, donde posteriormente fué trasladado, carecían de jurisdicción para conocer del caso. El apelado asegura, sin embargo, que el procedimiento por él seguido fué el ordinario; pero como nos hallamos frente a una sentencia dictada a base de una excepción previa, tenemos que aceptar como ciertas las alegaciones de la demanda, y consecuentemente asumir que el procedimiento seguido fué el que en ella se describe. Sin embargo, considerada esta circunstancia y puesto que sin lesionar los intereses de la apelante podemos prescindir de esta cuestión, no la consideraremos, prefiriendo basar nues-

tra sentencia en un fundamento más sólido, cual es la cuestión de lis pendens.

 Antes, sin embargo, discutiremos el otro motivo de nulidad, o sea el no haberse incluído a la demandante como parte demandada ni habérsele notificado el procedimiento seguido en ejecución de la hipoteca.

A nuestro juicio, la demandante no tenía tal derecho, no importa cuál fuera el procedimiento seguido por el demandado apelado. Cuando se inició el pleito sobre ejecución de hipoteca en 1935, el interés que sobre las fincas hipotecadas tenía la apelante era una sentencia en un pleito de filiación que aún no había adquirido el carácter de firme, y habiéndose establecido contra ella recurso de apelación, podía ser revocada por este tribunal. No podía conceptuársele todavía como dueña de los bienes hipotecados, ni poseedora de ningún derecho real sobre ellos que requiriese su intervención en el pleito. Véanse los artículos 128 y siguientes de la Ley Hipotecaria y 170 y siguientes del Reglamento, que determinan contra quién debe seguirse y a quién debe notificarse el procedimiento ejecutivo.

Ahora bien, antes de instarse el procedimiento en cobro de la hipoteca, y naturalmente antes de que las fincas fuesen adjudicadas al Federal Land Bank, y por éste vendidas a tercera persona, constaba el aviso de demanda en el registro de la propiedad. Es verdad, como acabamos de indicar, que esa anotación por sí sola no creó ningún derecho real a favor de la apelante sobre las fincas en relación con las cuales se practicó dicha anotación; pero no es menos cierto que la anotación de la demanda constituyó un aviso a todo el mundo, advirtiendo que cualquiera que adquiriese dichas fincas con posterioridad a la anotación, lo hacía a su riesgo, sujeto a las contingencias del pleito de filiación, y ese pleito terminó, como sabemos, por sentencia firme a favor de la apelante desde el 24 de julio de 1936. Desde ese instante pudo la apelante establecer la acción reivindicatoria contra el com-

prador o compradores de la finca, quienes, como hemos visto, no podían alegar la condición de tercero, ya que por el registro, a virtud de la anotación de lis pendens, tenían conocimiento del derecho que reclamaba la apelante.

■ Pudiendo la apelante proseguir esa acción, ¿podía ella prescindir de ese derecho y recurrir a esta acción subsidiaria de daños y perjuicios contra el apelado?

Los artículos 38 de la Ley Hipotecaria y 1247 del Código Civil (ed. 1930) le niegan tal derecho. Dichos preceptos legales, en lo pertinente, respectivamente prescriben:

"Art. 38. . . . . . . .

"En todo caso en que la acción resolutoria o rescisoria no se pueda dirigir contra tercero, conforme a lo dispuesto en este artículo, se podrá ejercitar la personal correspondiente para la indemnización de daños y perjuicios por el que los hubiere causado."

"Art. 1247. . . . . . . .

"Tampoco tendrá lugar la rescisión cuando las cosas objeto del contrato se hallaren legalmente en poder de terceras personas que no hubiesen procedido de mala fe. En este caso podrá reclamarse la indemnización de perjuicios al causante de la lesión."

Examinemos ahora la jurisprudencia de este tribunal sobre la cuestión que nos ocupa.

Estudiaremos el caso de *Carmona et al.* v. *Cuesta*, 20 D.P.R. 229.

En dicho caso ciertos menores de edad eran dueños a título de herencia de una finca rústica radicada en Toa Alta. Su tutor, Manuel Valdés, que era el albacea nombrado en el testamento de Juan Bonifacio Carmona, padre de los demandantes, prevaliéndose de su cargo, la vendió a Prudencio Velilla, sin autorización de corte competente, no obstante ser entonces los demandantes menores de edad. Velilla, al hacerse la venta, sabía que Valdés no era dueño de la finca, que pertenecía a los menores, y que no tenía autorización legal para enajenarla. Velilla a su vez la vendió a Santiago Olivo, quien también conocía el fraude, y este último la vendió a José Cuesta Viyeyas, quien sabía que la finca pertenecía a

los menores Carmona. Viyeyas tramitó a su favor un expediente de dominio y luego vendió la finca a Domingo Soldini, quien a su vez la vendió a Mary Leight, por escritura de 12 de octubre de 1906, inscrita en el Registro de la Propiedad de San Juan. Los demandantes promovieron acción reivindicatoria ante la Corte de Distrito de San Juan contra José Cuesta Viyeyas, Domingo Soldini, y Mary Leight, con el fin de recobrar el inmueble y solicitaron que se declarasen nulos el expediente de dominio y las escrituras de venta otorgadas por Viyeyas a Soldini y por éste a Mary Leight. Recayó sentencia, que fué luego confirmada por este tribunal, en la que expresamente se declaró nulo el expediente de dominio, pero se desestimó la demanda de reivindicación por ser tercero Mary Leight, reservándose a los demandantes su acción personal para reclamar la indemnización de daños y perjuicios del que los hubiere causado. Fué entonces que instaron este pleito contra José Cuesta Viyeyas en reclamación de daños y perjuicios por haber perdido definitivamente los demandantes la indicada finca como consecuencia del procedimiento fraudulento y malicioso de éste. La corte de distrito desestimó la demanda por estimar que la acción estaba prescrita al aplicar erróneamente el párrafo segundo del artículo 1868 del Código Civil (ed. 1930), en vez del 1864 de dicho cuerpo legal, según el cual el período de prescripción es de quince años. Al revocar la sentencia apelada, dijo este tribunal por voz de su Juez Presidente Sr. Hernández:

"Ahora bien, según el artículo 354 del Código Civil el propietario tiene acción contra el tenedor y el poseedor de la cosa para reivindicarla. Es decir, que el propietario, como dice la representación de la parte apelante, tiene su acción real, directa y primera, para sostener su derecho de propiedad contra una tenencia o posesión adversa o injusta. El término de prescripción de dicha acción es de 30 años según el artículo 1864 del Código Civil.

"Puede suceder que el bien inmueble que se trate de reivindicar se encuentre en poder de un tercero con título inscrito en el registro de la propiedad, y que la acción reivindicatoria no pueda ser eficaz

contra aquél. Para tal evento previene el artículo 38 de la Ley Hi-potecaria en su último párrafo que 'en todo caso en que la acción resolutoria o rescisoria no pueda dirigirse contra el tercero, conforme a lo dispuesto en dicho artículo, se podrá ejercitar la personal co-rrespondiente para la indemnización de daños y perjuicios por el que los hubiere causado.'

"Con el anterior precepto concuerda el contenido en el segundo apartado del artículo 1262 del Código Civil, expresivo de que la res-cisión no tendrá lugar cuando las cosas objeto del contrato se hallaren legalmente en poder de terceras personas que no hubiesen procedido de mala fe, en cuyo caso podrá reclamarse la indemnización de per-juicios al causante de la lesión.

"Los demandantes, según los hechos alegados en la demanda, tenían el derecho de reivindicar la finca de 40 cuerdas a que se re-fieren, y para ello ejercitaron la acción reivindicatoria que les reco-nocía el artículo 354 del Código Civil; pero la acción fué desestimada declarando expresamente esta Corte Suprema por su sentencia de 29 de marzo de 1912, al resolver el caso en grado de apelación, ser nulo en su fondo el expediente de dominio promovido por Cuesta Viyeyas que sirvió de título de propiedad para la venta de la finca hecha por Viyeyas a Soldini y por éste a Mary Leight. Por no haber prosperado la acción reivindicatoria ejercitada, esta Corte Su-prema reservó a los ahora demandantes, su acción personal para reclamar la indemnización de daños y perjuicios a quien se los hu-biera causado. Esa acción de daños y perjuicios nace de los hechos determinantes de la acción reivindicatoria y *del hecho de no haber podido ésta prosperar por existir un obstáculo legal para ello, cual es la adquisición de la finca en cuestión por un tercero que legal-mente no puede ser compelido a su restitución. No tiene la acción de daños y perjuicios en el presente caso el carácter de principal sino de subsidiaria, en atención a existir un impedimento legal para que prospere la acción reivindicatoria, y es un remedio que el legis-lador ha reconocido al dueño de la finca para que ya que no puede reivindicarla pueda llegar mediante dicha acción a la reparación de su derecho lesionado.*

"Como se ve, la acción de daños y perjuicios ejercitada no es la acción para exigir responsabilidad por culpa o negligencia, a que se refiere el número 2 del artículo 1869 del Código Civil, y no es por tanto aplicable al presente caso el precepto sobre prescripción por un año, que dicho artículo establece. Se trata de una acción personal que no tiene señalado término especial de prescripción y

14

que por tanto prescribe a los quince años con arreglo al artículo 1865 del Código Civil.'' (Bastardillas nuestras.)

En el caso de autos, contrario a lo que sucede en el de *Carmona et al.* v. *Cuesta,* supra, no existió inconveniente legal alguno para que la apelante pudiese establecer la acción reivindicatoria contra los compradores de las fincas, y por consiguiente, aplicando *a contrario sensu* la doctrina enunciada en *Carmona* v. *Cuesta,* siendo en este caso subsidiaria la acción de daños y perjuicios, que sólo cabe cuando no procede la principal—la reivindicatoria en este caso—claro es que la demanda no aduce hechos constitutivos de causa de acción, y por consiguiente no erró la corte inferior al declarar con lugar la excepción previa, aunque por otros fundamentos, ni tampoco erró al dictar la sentencia apelada.

*Procede la confirmación de la sentencia.*