ENRIQUE PIOVANETTI DOUMONT, demandante y recurrido, *v.* DOLORES MARTÍNEZ y THE FEDERAL LAND BANK OF BALTIMORE, demandados y el segundo recurrente.

*Número:* R-62-274 *Resuelto:* 19 de febrero de 1971

*Guillermo S. Pierluisi, Carlos Romero Barceló* y *Walter Pierluisi,* abogados del recurrido; *Baragaño, Trías, Saldaña & Francis,* abogados del recurrente.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

### EN MOCIÓN DE RECONSIDERACIÓN (*)

El Federal Land Bank radicó una acción en ejecución de una hipoteca por la vía sumaria contra Enrique Piova-

---

(*) La sentencia que se solicita reconsiderar lee así:

"Presumiendo la corrección de la determinación del tribunal de instancia sobre la nulidad del procedimiento de ejecución sumaria que dio

netti para cobrar $4,545.68 de principal e intereses que éste le adeudaba. La subasta que adjudicó la finca al acreedor hipotecario se celebró el 20 de febrero de 1931. Veinticinco años después de haberse celebrado la subasta Piovanetti radica demanda contra el banco. Basa su acción en que no se había requerido de pago a Piovanetti. Reclama la devolución del inmueble o en su defecto la suma de $108,000 por concepto de valor de la finca hipotecada más $237,250 por los frutos dejados de percibir. La acción prosperó. El banco fue condenado a pagarle $156,446.32 más intereses al 6% anual hasta el pago de la suma principal una vez deducidos el importe del crédito, los intereses vencidos y otros gastos y $5,000 de honorarios de abogado.

▆▆ Fundándonos en *Ríos* v. *Banco Popular*, 81 D.P.R. 378 (1959), mediante sentencia revocamos la que había dictado la Sala de San Juan del Tribunal Superior, Hon. J. M. Calderón, Juez, por entender que estaba prescrita la acción ejercitada. En *Ríos*, tanto la opinión del Tribunal como la de los Señores Jueces Belaval y Santana Becerra

---

margen a la presente acción—falta de notificación adecuada del requerimiento de pago al deudor ejecutado—como a la fecha de la iniciación del pleito[1] el título sobre el inmueble pertenecía a un tercero de buena fe,[2] sólo correspondería al demandante ejecutado la acción personal subsidiaria para la indemnización de los daños y perjuicios que le fueron causados por los actos del ejecutante, *Ríos* v. *Banco Popular*, 81 D.P.R. 378 (1959). Siendo ello así, a los fines del período prescriptivo de 15 años, la presente acción estaría prescrita bien se considere como punto de partida para su ejercicio la fecha en que tuvo lugar la subasta (20 de febrero de 1931), o en que la finca se inscribió a favor del tercero (11 de mayo de 1933), o del requerimiento de pago (22 de septiembre de 1930).

Se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 10 de octubre de 1962, y se desestima la demanda, con imposición de costas al demandante."

[1] 31 de mayo de 1955.

[2] 'El Tribunal, como cuestión de derecho, reconoce a don José Dolores Martínez y a don Enrique González Souffront, terceros de buena fe en relación con las compras que hicieron de la propiedad objeto de esta causa.'

da por sentado lo tantas veces sostenido por este Tribunal, que la acción para anular un ejecutivo hipotecario no tiene término prescriptivo, *Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412 (1949), y que si la finca ejecutada ha pasado a manos de un tercero de buena fe—como determinó el juez de instancia que había ocurrido en el presente caso—la única acción que tiene el deudor ejecutado, es la de daños y perjuicios, acción que tiene un término prescriptivo de quince años según lo dispone el Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294. *Buil* v. *Banco Popular*, 69 D.P.R. 254, 266 (1948); *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 D.P.R. 525 (1946); *Carmona et al.* v. *Cuesta*, 20 D.P.R. 229 (1914) (revocado en cuanto al extremo que se refiere a cuando empieza a correr el término prescriptivo). Lo único que separaba a los jueces era la fecha desde cuando comienza a deducirse el período de quince años. En la sentencia que dictamos en el presente caso revocando la del tribunal de instancia, consignamos que la acción estaba prescrita, no importa el punto de partida que tomáramos para el inicio del período prescriptivo—bien la fecha en que tuvo lugar la subasta; ya la fecha en que se inscribió a favor del tercero la finca; o bien la fecha del requerimiento. Se nos pide que reconsideremos esa sentencia ya que se alega que el caso de *Ríos* no es aplicable. Se sostiene que en *Ríos* el defecto surgía del escrito inicial—cobro en demasía de intereses—mientras que en el de autos el defecto que causa la nulidad ocurre en el procedimiento-falta del requerimiento válido de pago. Tan nulo fue un ejecutivo como el otro. Desde el punto de vista del derecho, tan inexistente fue una subasta como la otra. No encontramos justificación para hacer la distinción que propugna el demandante. *Ríos* no la contempló, ni la ha justificado la jurisprudencia anterior de este Tribunal. *Arvelo* v. *Banco Ter. y Ag. de P.R.*, 25 D.P.R. 728 (1917). Del caso de *Ríos* a la pág. 386 citamos: "Por mandato legal, se hace responsable al acreedor y se le obliga a indemnizar los

daños y perjuicios que por *ilegalidades* en el ejercicio de su acción se ocasionen al deudor ejecutado. Así lo hemos declarado reiteradamente, al resolver: (1) que es preciso ajustarse de modo riguroso a los trámites y requisitos del procedimiento sumarísimo, incurriéndose en nulidad de lo actuado al apartarse de los mismos; y (2) que el cobro de intereses excesivos o de otras cantidades que no estén hipotecariamente garantizadas, constituye un error sustancial en perjuicio de los derechos del deudor que vicia de nulidad el procedimiento ejecutivo seguido, aunque tal ilegalidad se deba a un mero error de derecho o a un mero descuido en la investigación de los hechos que figuren en el escrito inicial."

 No establecimos distinciones entre una y otra clase de ilegalidades. No hay razón para establecerlas ahora. De hecho, en el caso de *Arvelo* arriba citado, la nulidad del ejecutivo la motivó, igual que en el presente caso, la ilegalidad del requerimiento de pago—se requirió de pago a la viuda solamente y no a todos los miembros de la sucesión. Como la finca ejecutada había pasado a un tercero se demandó en daños al acreedor ejecutante. Se planteó la defensa de prescripción alegándose que el término aplicable era el establecido en el Art. 1868 del Código Civil.(1) Resolvimos, haciendo referencia al caso de *Carmona*, supra, que el término de prescripción aplicable es el de quince años establecido en el Art. 1864 del Código Civil(2) para las acciones personales que no tienen señalado término especial de prescripción. Y es razonable que tenga un término prescriptivo.

---

(1) Establece el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298: "Prescriben por el transcurso de 1 año:

(1) La acción para recobrar o retener la posesión.

(2) La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en la sec. 5141 de este título desde que lo supo el agraviado."

(2) Establece el Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294: "La acción hipotecaria prescribe a los 20 años, y las personales que no tengan señalado término especial de prescripción, a los 15."

Como expresamos en *Ríos:* "es indispensable para la economía del país que . . . por el transcurso de 15 años se produzca un estado de derecho inatacable." La iniquidad que la imprescriptibilidad ocasiona la demuestran los hechos de este caso. El ejecutivo hipotecario fue iniciado para cobrar $4,545.68 de capital e intereses. Si prevaleciera la sentencia dictada por el tribunal de instancia, la parte demandada tendría que satisfacer, al 10 de marzo de 1971 $235,936.71 que incluyen intereses y honorarios de abogado. Ciertamente no hay justicia ni equidad en la posición de un litigante, que teniendo conocimiento personal de que no ha sido requerido de pago, y su finca pasa a otras manos— no es ni siquiera el defecto técnico que sólo un experto puede captar en el escrito inicial—deja pasar veinticinco años para entonces proceder a radicar su reclamación. Si la acción ejercitada no hubiera tenido señalado término prescriptivo éste sería un caso apropiado para la aplicación de la defensa de incuria. En *Saavedra* v. *Central Coloso, Inc.*, 85 D.P.R. 421 (1962), luego de apuntar que cuando la ley no establece un término prescriptivo para el ejercicio de una acción, procede la aplicación de la defensa de incuria, expresamos: "Los hechos que motivaron este pleito ocurrieron según se alega hace 18 años, y es después de transcurrido este largo período que se insta esta acción para exigir el cumplimiento del contrato y reclamar $800,000.00 de daños. La acción debió ejercitarse con más premura, y no cruzarse de brazos por 18 largos años para entonces reclamar una cosa que pudo hacerla desde el mismo momento en que fue privado del uso del inmueble." Y es que ". . . la misión del Juez es sobre todo y propiamente la de hacer justicia y esta justicia solo puede realizarse vivificando con la equidad la prescripción de la ley. . . ." Castán, *La Formulación Judicial del Derecho*, pág. 115 (Madrid 1954).

*Por lo anteriormente expuesto se declarará sin lugar la moción de reconsideración.*

El Juez Asociado Señor Hernández Matos disiente en opinión separada la que radicará oportunamente.